**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| --------------------------------------------------------- ) | |
| TOUR TECHNOLOGY SOFTWARE, INC.,  )  | **Case No. _____** |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | **COMPLAINT** |
| ) | **FOR** |
| RTV, INC.  ) | **PATENT INFRINGEMENT** |
| ) | |
| Defendant.  ) | **JURY TRIAL DEMANDED** |
| ) | |
| --------------------------------------------------------- ) | |

This is an action for patent infringement in which Tour Technology Software,

Inc. makes the following allegations against RTV, Inc.:


**PARTIES**

1.      Plaintiff Tour Technology Software, Inc. ("Tour Technology Software") is a New

York corporation with operations at Huntington, New York.

2.      On information and belief, Defendant RTV, Inc.,  ("RTV") is a Michigan  business

corporation also doing business as Real Tour Vision and Real Tour Vision Interactive

with a place of business at 400 E. Eighth Street , Suite 2, Traverse City, MI 49686.

JURISDICTION AND VENUE

3.      This action arises under the Patent Laws of the United States, Title 35 of the

United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§

1331 and 1338(a).

1

4.      Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, Defendant has transacted business in this district, and has committed, induced and/or contributed to acts of patent infringement in this district, including via the websites noted herein below.

5.      On information and belief, Defendant is subject to this Court's specific personal jurisdiction, including by and on account of its activities over its websites noted herein below, pursuant to due process and/or the New York Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, providing services, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and/or services provided to individuals in New York and in this Judicial District.

### INFRINGEMENT OF U.S. PATENT NO. 6,754,400

6.      Tour Technology Software is the owner by assignment of United States Patent No. 6,754,400 ("the '400 Patent") entitled "System and Method for Creation, Processing and Visualization of Omni-Directional Images,"  as amended and elaborated by Ex Parte Reexamination Certificate 9844.

7.      The '400 Patent is the product of a concerted effort to develop a technology which would work, for example, to enable an individual at a monitor, for example a monitor of a computer connected to a network such as the Internet, to explore an indoor or outdoor location by viewing and optionally selecting and/or varying an angular direction of view and being presented with an image corresponding to an image that

would be visible to the individual if the individual were actually at the location and looking at the scene at the selected and/or varying angular direction of view, for example a continuously changing angular direction.

8.      The object of the technology underlying the '400 Patent is thus to enable virtual viewing and/or exploration of, for example, an indoor or outdoor location (such as an apartment, home, hotel room, backyard, outdoor attraction or restaurant), in a manner which will be accepted by the viewer as substantially realistic.

9.      The invention of the '400 Patent enables such exploration to simulate realistically the changing images that would be seen by a real person in the actual location as that real person looks around, turning the head or moving the individual's eyes, for example, left and right, and up and down to explore the view.

10.      The general idea of simulating a view of reality from different angles was being discussed and to a limited extent implemented by many individuals and groups before the invention of the '400 Patent was made.

11.      Moreover, systems which were generally dealing with various aspects of virtual reality displays were proposed.

12.      However, realistically simulating the appearance of a location as it might be seen by an individual at the location, as that individual changes his angle of view in the normal course of looking around, is not merely a matter of presenting images corresponding to a point of view and angle of observation . Moreover, the problem of obtaining a realistic presentation is complicated when a series of images corresponds to a varying angle of observation.

13.     To the end of improving then existing technologies, Richard Wilson, Jr., who, at the time of the development of the invention of the '400 Patent, operated a business doing website design for a wide range of different clients through his consulting business in Queens, New York, began to assemble a team of computer specialists to attack this problem.

14.     Space was rented, people were hired, and work was begun in the United States and in a programming unit, which Wilson set up in Romania.

15.     All of this was funded by Mr. Wilson using his personal resources.

16.     Despite numerous difficulties in pursuing this effort, Rusu Florin and Sever Serban, working for and funded by Wilson from Wilson's personal funds, were successful in developing and implementing an effective software based technology useful, for example, for allowing a person at a remote location to connect to a server and explore a remote space with enhanced realism.

17.     Richard Wilson, Jr. then had a patent application directed to the new technology prepared.

18.     The application, entitled "System and Method for Creation, Processing and Visualization of Omni-Directional Images", was filed with the United States Patent and Trademark Office on February 6, 2001.

19.     Messrs. Florin and Serban are the inventors in said patent application.

20.     Following the creation of the technology of the '400 Patent, the team proceeded to attempt to build a business centered on a commercial implementation of the technology.

21.    A beta version of the technology was released by plaintiff's predecessor.

22.    After search and examination of Wilson's patent application, the United States Patent and Trademark Office allowed the patent claims of the application filed by Wilson and issued the '400 Patent on June 22, 2004.  A true and correct copy of the '400 Patent is attached as Exhibit A.

23.    Messrs. Florin and Serban assigned their interest in the '400 Patent to Richard Wilson, Jr.

24.    Richard Wilson, Jr., in turn, assigned his interest in the '400 Patent to Tour Technology Systems, LLC.  Tour Technology Systems LLC, in turn, assigned its interest in the '400 Patent to Tour Technology Software, Inc.

25.    On November 21, 2011, the International Virtual Reality Photographers Association (the "IVRPA") filed Reexamination Request 90/011,974 in the United States Patent and Trademark Office alleging the unpatentability of the claims of the '400 Patent.

26.    Tour Technology Systems contested the re-examination request filed by the IVRPA and, in the course of proceedings, the matter was considered by a panel of three senior United States Patent and Trademark Office examiners.

27.    On September 17, 2013, the United States Patent and Trademark Office issued its 9844th Ex Parte Reexamination Certificate, deciding that claims 1, 4-6, 14, 16, 17, 30, 31 and 38 are patentable as amended.

28.    In its decision, the United States Patent and Trademark Office further

determined that claims 3, 7, 10, 11, 13, 15, 19-22, 24-29, 32, 34-37, 39 and 40 which are

dependent on the amended claims were also patentable.

29.    Such decision also found new claims 41-75, added to the '400 Patent during the

re-examination procedure, also drawn to patentable subject matter.  A copy of the 9844th

Ex Parte Reexamination Certificate is annexed hereto as Exhibit B.

30.    Defendant is in the business of presenting, producing, and/or hosting 360°

virtual tour content for its clients. These clients include individuals and businesses in

this state and throughout the United States seeking to sell, rent, purchase, lease, and/or

promote private residences, commercial real estate, hotels, sporting and recreation

facilities, schools, event venues, country clubs, golf courses, upscale lodging facilities.

restaurants, nightclubs, and healthcare facilities. Defendant is also in the business of

making such virtual tours available to persons visiting its website.

31.    Defendant RTV claims to be recognized as a leader in interactive 360 panoramic

virtual tours, professional photography services, and virtual tour software. *See* Exhibit

C. RTV supports several hundred thousand real estate agents in 50 countries, as well as

1500+ independent business owners, maintaining what it claims to be the world's

largest full-service virtual tour and property marketing network. *See* Exhibit D ("About

Us"). RTV has a portfolio of virtual tours it has created on its website,

www.realtourvision.com. *See* Exhibit E. Further, RTV offers for sale an array of virtual

tour software which utilizes spherical projection technology. *See* Exhibit F. Such

activities, as detailed further below, constitute infringement of the '400 Patent as modified and elaborated in the Ex Parte Reexamination Certificate.

32.     Upon information and belief, Defendant has been and now is, literally and/or under the doctrine of equivalence, directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '400 Patent in the State of New York, in this judicial district, and elsewhere in the United States by, among other things, operating, controlling, using and/or benefiting from the above activities including the furnishing of information via a website featuring information on various properties using a method which infringes one or more claims of the '400 Patent as amended and elaborated by the ex parte re-examination certificate.

33.  Defendant, upon information and belief, provides its clients with production, content, management, hosting and content distribution services. See Exhibit G. Upon information and belief, RTV services many properties at any given time throughout New York and the rest of the United States.

34.     Such acts as detailed in the above paragraphs constitute infringement, as detailed above, of one or more claims of the '400 Patent and the 9844th Ex Parte Reexamination Certificate to the injury of Tour Technology Software and unjust infringement of Defendant.  Defendant is thus liable for infringement of the '400 Patent and the 9844th Ex Parte Reexamination Certificate pursuant to 35 U.S.C. § 271.

35.     Upon information and belief, Defendant RTV is and has been aware of the '400 Patent and Defendant's infringement of the '400 Patent is and has been willful, and plaintiff will request such a finding at the time of trial.

36.     RTV continues to operate and provide virtual tours in violation of the rights of

Plaintiff as evidenced by Exhibits H and I, collections of images from a virtual tour

printed off the website of RTV.  The images provided by Defendant allow users to vary

their direction of view by moving to the left and right of images and also by moving to

look up and look down at different portions of the image and thus simulate movement.

See also Exhibit I. The images so produced indicate that the images are generated by the

projection of a spherical image onto faces of a cube or a process equivalent thereto,

where the spherical image was generated by the combination of multiple images.

Moreover, upon information and belief, Defendant continues to operate servicing many

individuals and businesses using the technology covered by the '400 Patent.

37.     As a result of Defendant's infringement of the '400 Patent and the 9844th Ex Parte

Reexamination Certificate, Tour Technology Software has suffered monetary damages

in an amount not yet determined, and will continue to suffer damages in the future

unless Defendant's infringing activities are enjoined by this Court.

38.     Unless a permanent injunction is issued enjoining the defendant and its agents,

employees, representatives, affiliates, and all others acting with or in concert with any

of them from infringing the '400 Patent, Tour Technology Software will be greatly and

irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Tour Technology Software respectfully requests that this Court enter:

1.     A judgment in favor of Tour Technology Software that Defendant RTV  and all

persons in active concert or participation with it have infringed, directly, jointly, and/or

indirectly, by way of inducing and/or contributing to the infringement of the '400

Patent and the 9844th Ex Parte Reexamination Certificate, and that such infringement

was willful;

2. A permanent injunction enjoining Defendant and all persons in active concert or

participation with it, and their officers, directors, agents, servants, affiliates, employees,

divisions, branches, subsidiaries, parents, and all others acting in active concert

therewith from infringement, inducing the infringement of, or contributing to the

infringement of the '400 Patent and the 9844th Ex Parte Reexamination Certificate;

3. A judgment and order requiring Defendant to pay Tour Technology Software its

damages, costs, expenses, and a reasonable royalty, together with prejudgment and

post-judgment interest for Defendants' infringement of the '400 Patent as provided

under 35 U.S.C. § 284;

4. An award to Tour Technology Software for enhanced damages as provided

under 35 U.S.C. § 284;

5. A judgment and order finding that this is an exceptional case within the meaning

of 35 U.S.C. § 285 and awarding to Tour Technology Software its reasonable attorneys'

fees; and

6.     Any and all other relief to which Tour Technology Software may show itself to

be entitled.

                            Respectfully submitted,

This 4th day of October, 2017          **TOUR TECHNOLOGY SOFTWARE, Inc.**


                            By: /s/ Anthony H. Handal
                            Anthony H. Handal
                            Handal & Morofsky, LLC
                            83 East Avenue
                            Third Floor
                            Norwalk, CT 06851
                            917-880-0811
                            Email: handal@HandalGlobal.com
                            **Attorneys for Plaintiff**
                            **Tour Technology Software, Inc.**

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

Respectfully submitted,
**TOUR TECHNOLOGY SOFTWARE, INC.**

Dated: October 4, 2017

By: /s/ Anthony H. Handal
Anthony H. Handal
Handal & Morofsky, LLC
Third Floor
83 East Avenue
Norwalk, CT 06851
917-880-0811
Email: handal@HandalGlobal.com
**Attorneys for Plaintiff**
**Tour Technology Software, Inc.**